## Loveland v. Commonwealth.

(Decided December 3, 1926.)

### Appeal from Nelson Circuit Court.

1. Criminal Law—Denial of Continuance Held Not Error, where Record Showed no Motion Therefor.—Alleged denial of continuance held not error, where record showed no motion therefor, but rather that defendant announced ready for trial.
2. Criminal Law—Improper Argument Held Not Reversible Error, in Absence of Objection.—Alleged improper argument held not ground for reversal, where no objection or motion to exclude it was shown by record.
3. Criminal Law—Denial of Peremptory Instruction, no Request for which is Shown by Record, Held Not Error.—Alleged denial of

peremptory instruction held not error, where record disclosed no request for such instruction.

4.  Criminal Law—Denial of New Trial for Newly Discovered Evidence Held Not Error where Motion was Not Supported by Affidavits of New Witnesses—Motion for new trial on ground of newly discovered evidence, not supported by affidavits of new witnesses, held not erroneously denied.

A. W. NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, and ERNEST N. FULTON, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On his trial in the court below, under an indictment charging him with the crime, the appellant, Harry Loveland, was by verdict of the jury and judgment of the court, convicted of burglary and his punishment fixed at confinement for two years in the penitentiary.

He complains that his conviction was unauthorized and by this appeal seeks the reversal of the judgment of the trial court on the grounds that error, prejudicial to his substantial right, was committed by that court: (1) In refusing him a continuance of the case. (2) In permitting an improper statement from the Commonwealth's attorney in argument to the jury. (3) In refusing his motion for a peremptory instruction directing a verdict of acquittal. (4) In overruling his motion for a new trial on the ground of newly discovered evidence. With respect to the first complaint it is sufficient to say that it is shown by the record that on May 26, 1926, the case was set down for trial by the court on May 28, and this was done without objection from the appellant, and when it was called for trial on the latter day, not only did the appellant fail to object to the trial, or move for a continuance, but, on the contrary, announced his readiness to proceed with the same. In view of these facts the appellant is estopped to complain of the occurrence of the trial at that time.

The statement attributed to the Commonwealth's attorney by the appellant's second complaint was not objected to by the latter, nor was the court asked to exclude it. Therefore this ground will not be considered by us.

The contention presented by the appellant's third ground, is without merit, and may be disposed of with

the statement that as the record fails to show that such an instruction was asked by him, or that it was refused by the court, the contention must ·be overruled. The fourth contention must likewise be overruled for the reason that, though the appellant by his own affidavit disclosed the names of the witnesses by whom the newly discovered evidence would be furnished, he failed, as it appears from the record, to file an affidavit from these witnesses or any of them verifying the statements of his affidavit as to what they would testify on another trial.

In other words, the appellant has wholly failed to show by the record that he is in a position to avail himself of any error that may have been committed by the court on his trial; and, this being true, no reason is perceived for further extending this opinion, further than to say, that our consideration of the evidence contained in the record convinces us that it amply supports the verdict and judgment of conviction. Wherefore, the judgment is affirmed.